IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW R. KUTZ,

     Plaintiff,

  v.

TIA BROWN, et al.

     Defendants.

ORDER

Case No. 25-cv-562-wmc

Plaintiff Matthew R. Kutz, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, dkt. 2 and a motion to use release account funds to pay the initial partial filing fee, dkt. 3.

Plaintiff's motions will be granted in part. Even when a prisoner plaintiff qualifies for indigent status, the plaintiff must pay part of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from Kutz's trust fund account statement, I calculate his initial partial payment to be $0.27. For this case to proceed, plaintiff must submit a check or money order for this amount by July 8, 2026. Prison officials will draw funds first from plaintiff's regular account, up to the full amount of the initial partial payment. If any portion of the initial partial payment remains, then prison officials must allow plaintiff to withdraw funds from his release account to pay the remainder of the initial partial payment. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED:

1.      Plaintiff Matthew R. Kutz is assessed an initial partial payment of $0.27. Plaintiff must submit a check or money order for $0.27 payable to the clerk of court by July 8, 2026, or explain in writing why he cannot make the initial partial payment by this deadline.

2.      Plaintiff's motion to use release account funds to make the initial partial payment is GRANTED IN PART, as noted above.

3.      No further action will be taken in this case until the clerk's office receives the initial partial payment and the court has screened the complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2).  Once the screening process is complete, the court will issue a separate order.

4.      If plaintiff fails to make the initial partial payment by July 8, 2026, or fails to explain why he cannot make the payment, then I will assume that plaintiff wishes to withdraw this action voluntarily.  In that event, the case will be dismissed without prejudice.  If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened.  The court will not reopen the case after 30 days unless plaintiff shows that he is entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered on this 16th day of June, 2026.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge

2